IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>[1] JORGE MILTON ENRIQUE-LIRIANO<br><br>[2] CHARINA OSORIO-ALBERTO<br><br>[3] CANDIDO CABRERA-LEONARDO<br><br>**Defendants** | CASE NO. 21-1046 (M) |

**ORDER**

    A Criminal Complaint was filed against Jorge Milton Enrique-Liriano, Charina Osorio-Alberto, and Cándido Cabrera-Leonardo on August 23, 2021. The Criminal Complaint and the affidavit filed in support allege that Defendants incurred in violations to 21 U.S.C. § 841(a)(1), aiding and abetting each other in possession with intent to distribute five (5) kilograms or more of cocaine, and 21 U.S.C. § 846, conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine. On September 7, 2021, Defendants were before the Court for a Preliminary Hearing. Defendants Enrique-Liriano and Cabrera-Leonardo were also before the Court for a Bail Hearing. At the conclusion of the hearing, the undersigned took the matter under advisement. For the reasons discussed below, the Court finds that the Government established probable cause that all three (3) Defendants violated 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

    A.    <u>Preliminary Hearing Standard</u>

    Under Rule 5.1 of the Federal Rules of Criminal Procedure, a defendant charged with a felony is entitled to a preliminary hearing within fourteen (14) days after his initial appearance. "A preliminary hearing under Fed.R.Crim.P. 5.1 is narrow in scope. Its purpose is solely to test whether probable cause exists as to the offense charged. It is not a discovery mechanism for defendants and is not a trial to determine guilt or innocence. […] [P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." <u>United States v. Balestier-Sanches</u>, 2014 WL 993551 * 1 (D.R.I.) (<u>citing</u> <u>United States v. Mims</u>, 812 F.2d 1068, 1072 (8th Cir.1987) and <u>United States v. Gómez</u>, 716 F.3d 1, 9 (1st Cir. 2013)).

    "The government's burden to establish probable cause at this preliminary stage is low." <u>Id.</u>; <u>US v. Fontalvo</u>, 2008 WL 1994817 (D.R.I.). According to the U.S. Supreme Court in <u>Gates</u>, the concept of probable cause is a "practical, non-technical" one. <u>Illinois v. Gates</u>, 462 U.S. 212, 231 (1983) (citation omitted). It is a matter of probabilities—not hard certainties—and the Court must consider such probabilities considering "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." <u>Id</u>. (quoting <u>Brinegar v. United States</u>, 338 U.S. 160, 175 (1949)). Accordingly, "[b]oth circumstantial evidence and the

1

reasonable inferences drawn from it can support a finding of probable cause." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (citing United States v. Swope, 542 F.3d 609, 616 (8th Cir. 2008) and United States v. Hilario, 2009 WL 2913957 at * 1 (D.R.I.)).

"A finding of probable cause may rest upon evidence which is not legally competent in a criminal trial." United States v. Ventresca, 380 U.S. 102, 107 (1965) (citations omitted). Except for the rules on privilege, the Federal Rules of Evidence do not apply at preliminary hearings. Fed.R.Evid. 1101(d)(3). A finding of probable cause may be based, in whole or in part, on hearsay. And evidence at a preliminary hearing is not subject to objections on grounds that it was unlawfully acquired. Fed.R.Crim.P. 5.1(e); United States v. Balestier-Sanches, 2014 WL 993551 at * 1.

    B.    Probable Cause as to Defendants

The Government relied on the affidavit filed in support of the Criminal Complaint, which was authored and duly sworn by Vernon Cavitt, Special Agent of the Drug Enforcement Administration (DEA), and on Agent Cavitt's testimony during the hearing. Per the foregoing, on August 21, 2021, agents of the Puerto Rico Police Bureau's Fuerzas Unidas de Rápida Acción (FURA) were conducting a routine patrol around Las Croabas, when they observed Defendant Cabrera-Leonardo operating a vehicle that was lowering a vessel into the water. Defendants Enrique-Liriano and Osorio-Alberto were on board the vessel. The agents made a consensual contact with Defendant Enrique-Liriano and he provided identification. FURA agents then received intel that Defendant Enrique-Liriano was a person of interest in an active investigation. Per the affidavit and Agent Cavitt's testimony, on August 22, 2021, the same vehicle was observed in the Las Croabas area hauling an empty trailer to the boat ramp and being driven by Defendant Cabrero-Leonardo. Municipal Police Officers saw Defendant Cabrero-Leonardo without a seat belt and made contact with him. FURA agents also saw the same vessel seen the day before approach by water with Defendants Enrique-Liriano and Osorio-Alberto on board. FURA agents stopped the vessel for inspection. Defendant Enrique-Liriano advised FURA agents that there were approximately 560 kilograms of cocaine in a hidden compartment of the vessel and a K-9 handler gave a positive alert to the presence of narcotics in the vessel. A search of the vessel revealed 16 duffle bags with 569 bricks of suspected cocaine concealed in the vessel.

During the hearing, Special Agent Cavitt identified each of the three (3) Defendants as the persons who were arrested on August 23, 2021. Defendant Osorio-Alberto was identified during the hearing through video and Defendants Enrique-Liriano and Cabrera-Leonardo were identified at the initial appearance, which Agent Cavitt attended. Counsel for Defendants Enrique-Liriano and Cabrera-Leonardo stipulated to the identification of the defendants for purposes of the preliminary hearing. Special Agent Cavitt testified that he participated in the investigation of the three (3) Defendants by taking and reviewing information gathered from FURA agents, by attending the interviews of the Defendants, and by drafting and submitting the affidavit in support of the Criminal Complaint. See United States v. Balestier-Sanches, 2014 WL 993551 *3 (citing United States v. Ventresca, 380 U.S. 102, 111 (1965) (observations of officers engaged in common investigation are reliable basis for probable cause finding)).

According to the affidavit and Agent Cavitt's testimony during the hearing, all three (3) Defendants made statements during interviews with law enforcement. Defendant Enrique-Liriano

stated that he was solicited to do a drug venture by an unidentified male; he and Defendant Cabrera-Leonardo had participated in a previous drug venture; he was aware that the venture involved drug trafficking; Defendant Cabrera-Leonardo advised him of the presence of law enforcement around Las Croabas on August 22, 2021; and Defendant Osorio-Alberto knew that the trip to St. Thomas was a drug venture. Defendant Osorio-Alberto stated that she was invited by Defendant Enrique-Liriano to board the vessel to St. Thomas on August 21, 2021, and that she returned aboard the same vessel on August 22, 2021. Defendant Cabrera-Leonardo stated that he was paid $100.00 by Defendant Enrique-Liriano to drop off the vessel on August 21, 2021 and pick up the vessel on August 22, 2021.

Pursuant to the low threshold required from the Government at this stage of the proceedings, I find that there is a probable cause that all three (3) Defendants violated 21 U.S.C. § 841(a)(i) and 21 U.S.C. § 846. Per the evidence discussed at the hearing, it is more than reasonable to conclude that all three (3) Defendants knew that the purpose of the trip to St. Thomas was to pick up controlled substances and that such controlled substances would be transported from St. Thomas to Puerto Rico in the vessel owned by Defendant Enrique-Liriano. Further, given the amount recovered by the DEA—569 bricks of cocaine—it is only a short step to conclude that all three (3) Defendants possessed the controlled substances in the vessel with intent to distribute. See United States v. Sepúlveda, 102 F.3d 1313, 1316 (1st Cir. 1996) (there being no indication that an empty apartment was used for any other purpose other than the distribution of drugs, it is only a short step to suppose that those present in the otherwise vacant apartment were probably drug dealers or purchasers); United States v. Fontalvo, 2008 WL 1994817 (D.R.I.) (even when direct evidence of knowledge is absent, if the evidence links defendant to packages containing substantial amounts of heroin, probable cause is established).

On the matter of bail of Defendants Enrique-Liriano and Cabrera-Leonardo, the Government moved for detention pending trial under 18 U.S.C. § 3142(f)(1)(c). Pursuant to 18 U.S.C. § 3142(e)(3)(A) and considering that the Court has found probable cause against Defendants on the charges in the Criminal Complaint, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendants Enrique-Liriano and Cabrera-Leonardo and the safety of the community. Neither Defendant Enrique-Liriano nor Defendant Cabrera-Leonardo presented arguments or proffered any evidence to rebut the presumption. And pursuant to the pretrial services report, Defendants Enrique-Liriano and Cabrera-Leonardo have no legal status in the United States, have ties to a foreign country, have pending immigration proceedings, and their personal information is unverified. Given the nature of the conduct alleged in the Criminal Complaint and the quantity of controlled substances allegedly intended for distribution, there are no conditions or combination of conditions that can be fashioned at this time to reasonably assure Defendants Enrique-Liriano's and Cabrera-Leonardo's future appearances and the safety of the community. Defendants Enrique-Liriano and Cabrera-Leonardo will remain detained pending trial.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 8th day of September 2021.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge